HESTON & HESTON, ATTORNEYS AT LAW
RICHARD G. HESTON (State Bar No. 90738)
HALLI B. HESTON (State Bar No. 90737)
BENJAMIN R. HESTON (State Bar No. 297798)
19700 Fairchild Road, Suite 280
Irvine, California 92612-2521
Tel: (949) 222-1041
Fax: (949) 222-1043
rheston@hestonlaw.com

Attorneys for Creditor, HOLLIE A, LEMKIN

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>SUSAN JO WHITE,<br><br>　　　　Debtor. | Case No.: 8:22-bk-10652-ES<br><br>Chapter 7<br><br>**MOTION TO DEEM ADVERSARY PROCEEDING RELATED TO CHAPTER 7 CASE**<br><br>Hearing<br>Date:　July 14, 2022<br>Time:　10:30 a.m.<br>Courtroom 5A |

　　Creditor HOLLIE A. LEMKIN ("LEMKIN") hereby moves the Court for an order deeming Adversary Proceeding case number 8:21-ap-01104-ES ("the Adversary Case"), filed on November 29, 2021 in relation to Debtor's Chapter 7 case number 8:21-bk-12064-ES ("Case #1"), to be deemed related to the pending Chapter 7 case 8:22-bk-10652-ES ("Case #2").

### SUMMARY OF PROCEDURAL BACKGROUND

　　Initially, Debtor SUSAN JO WHITE commenced Case #1 on April 8, 2021, by filing her voluntary Chapter 7 petition [DOC 1] in the Southern District of California, case number 21-01414-LT7. On LEMKIN's motion for order dismissing or transferring the case, Judge Laura Taylor ordered on August 23, 2021 [DOC 41] that Case #1 be transferred to the Central District of California. Thereafter, on November 29, 2021, in conjunction with pending Chapter 7 case

1

before the Court[1], LEMKIN filed her complaint [DOC 71; Adv. DOC 1] in the pending Adversary Case in which she is objecting to discharge and seeking a determination of dischargeability.

Also on November 29, 2021, LEMKIN filed a motion for order dismissing Case #1 pursuant to Section 707(b)(2)&(3) [DOC 69] under the dual bases that Debtor was obligated but had failed to submit a means test to establish her eligibility for relief in Chapter 7, and on the additional basis that proceeding under Chapter 7 constituted an abuse of Chapter 7. That motion was heard by the Court on February 18, 2022, and granted on the basis of both Section 707(b)(2)&(3). A conditional order of dismissal [DOC 89] was made by the Court, allowing Debtor until February 25 to convert to Chapter 11. When Debtor failed to do so, Case #1 was dismissed [DOC 90] on February 28, 2022.

On April 18, 2022, Debtor Chapter 7 case 8:22-bk-10652-ES Case #2 [DOC 1]. During the six-week hiatus between the two cases, a Status Conference was held in the Adversary Case on March 10, 2022. Counsel for Debtor urged the Court to dismiss the Adversary Case on the basis that it was related to the now dismissed Case #1, and as a result of the dismissal of the initial Chapter 7 case, the Adversary Case, was moot. The Court declined to do so, instead, indicating that the Adversary Case would continue and entered a scheduling order [DOC 12] setting the matter for pretrial conference on June 30, 2022. Subsequently, *sua sponte*, the Court continued the pretrial conference to July 16, 2022.

**POINTS AND AUTHORITIES**

**DISMISSAL OF AN UNDERLYING BANKRUPTCY CASE DOES NOT AUTOMATICALLY RESULT IN THE DISMISSAL OF RELATED ADVERSARY PROCEEDINGS.**

Section 349 of the Bankruptcy Code governing the effects of dismissal of bankruptcy cases generally provides that the goal is to "put Humpty-Dumpty back together again", to the extent

---

[1] The transferred case was initially assigned to the Hon. Mark Wallace (Ret.) and reassigned to the Hon. Erithe Smith on Judge Wallace's retirement.

2

practical. See In re County of Orange, 183 B.R. 594, 609 (Bankr. C.D. Cal. 1995) ("The main objective of § 349(b) is to undo the bankruptcy case and, as far as practicable, restore all property rights to the position they occupied at the commencement of the case.")

But in some cases, parties will have acted in reliance upon the bankruptcy case and progressed substantially in the conduct of adversary proceedings. When that occurs, automatic dismissal of related proceedings is not required. See In re County of Orange, supra, at p. 609, "However, § 349(b) expressly reserves to the bankruptcy court "the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown" to protect rights acquired in reliance on the case. In re Pocklington, 21 B.R. 199, 202 (Bankr.S.D.Cal. 1982).")

In Pocklington, trial of an adversary proceeding related to a Chapter 13 case had been set for November 17, 1981. At that time, the debtor moved to dismiss the Chapter 13 case pursuant to 11 U.S.C. § 1307(b), as was his right. The court granted the motion, but, because of the potential of irreparable harm to the plaintiff, the court retained jurisdiction over this adversary proceeding. As the court observed,

> "As a practical matter, generally the dismissal of a bankruptcy case results in the dismissal of all adversary proceedings filed in that case. Section 349 of the Bankruptcy Code, however, reserves to the Court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown. Section 349 empowers the Court to issue appropriate orders to protect rights acquired in reliance on the bankruptcy case. H.R. 95-595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 95-989, 95th Cong., 2d Sess. 48-49 (1978), U.S. Code Cong. Admin. News 1978, p. 5787."

In re Pocklington, 21 B.R. 199, 202 (Bankr. S.D. Cal. 1982)

Other courts, citing to the Pocklington opinion, have similarly held that dismissal of the bankruptcy case does not result automatically in the dismissal of adversary proceedings related to the case. See Jefferson v. Cmty. Bank (In re Jefferson), 477 B.R. 645, 648 (Bankr. S.D. Miss. 2012), where the court observed:

> "In general, the dismissal of a bankruptcy case results in dismissal of all adversary proceedings filed in that case. Un–Common Carrier Corp. v. Oglesby, 98 B.R. 751, 753 (S.D.Miss.1989) (citing In re Pocklington [Pocklington], 21 B.R. 199, 202 (Bankr.S.D.Calif.1982)). However, this is not "automatic." In re Morris, 950 F.2d 1531, 1534 (11th Cir.1992), [sic] Instead, the bankruptcy court may consider where dismissal would cause prejudice to one of the parties. Id. (citing In re Stardust Inn, 70 B.R. 888, 890 (Bankr.E.D.Pa.1987))."

3

See also Clark v. Gugino (In re Clark), No. 16-60026, at *2 (9th Cir. July 12, 2017) ("The bankruptcy court had jurisdiction to hear the Chapter 7 trustee's request for denial of a discharge under 11 U.S.C. § 727(a). The bankruptcy court retained jurisdiction over all aspects of the case not involved in the appeals from the conversion and substantive consolidation orders. See 28 U.S.C. § 158(d)(2)(D); In re Sherman, 491 F.3d 948, 967 (9th Cir. 2007)."); and see In re Stardust Inn, Inc., 70 B.R. 888, 890 (Bankr. E.D. Pa. 1987) ("The few courts which have considered the issue have concluded that dismissal of the bankruptcy case does not mandate dismissal of all pending adversary proceedings. See, e.g., In re Pocklington; In re Lake Tahoe Land Co., 12 B.R. 479 (Bankr.D.Nev. 1981).")

Here, the parties have been engaged in litigation proceedings for almost 6 months, and the Adversary Case has progressed to the point that all discovery has been cut off, and the case is set for pretrial conference on July 16, 2022. All that remains is to proceed with the trial.

Were the Adversary Case to be dismissed, the entire process would be set back to square one and the time and attorney fees invested in the case would be all for naught. Yet the only reason that the Adversary Case is not deemed related to Case #2 is that Case #1 was dismissed involuntarily on the basis that Debtor had failed to submit a means test and for her abuse of Chapter 7.

As the Court observed recently on May 17, 2022, in denying Debtor's motion to continue the automatic stay [DOC 17] in this case filed within 12 months of the prior case[2], there was no substantial change between the two cases, and Debtor had merely refiled the case without a material change of circumstances. Thus, the underlying Chapter 7 cases are factually similar, such that the related Adversary Case is based upon virtually the same facts found in each of the two serial Chapter 7 cases.

---

[2]    With Case #1 having been dismissed on February 28, 2022, and Case #2 having been filed on April 18, 2022, only 46 days transpired between the two cases.

4

Finally, while substantial prejudice would result from forcing LEMKIN to start from scratch by filing the exact same case as was previously filed, albeit in a Chapter 7 bearing a different case number, no prejudice will be suffered by Debtor by deeming the Adversary Case to be related to Case #2 for which she has responded and presumably is preparing for trial.

## CONCLUSION

In effect, Debtor has simply resubmitted her prior petition, without even awaiting the passage of a modest period time or change of circumstances. But the involuntary dismissal of Case #1 resulted in the severance of any relationship between the Adversary Case, and any other currently pending case. LEMKIN maintains the Adversary Case should proceed to trial on the basis that the relief being sought, core proceedings for determination of whether Debtor was entitled to a discharge and to determine the dischargeability of her debt to LEMKIN, since those determinations would affect the dischargeability of LEMKIN's claim and those of other creditors totaling almost $1.2 million in the event of the subsequent bankruptcy proceeding. But speaking of a risk of the subsequent proceeding, any question as to that possibility was put to rest in six weeks, when Debtor simply refiled the prior case without any change of circumstances.

But if the Adversary Case was ever viewed as a "ship cast adrift", by Debtor's own act of immediately refiling the Chapter 7 case after dismissal of the prior one, she created a "homeport anchorage" to which the Adversary Case should now be deemed related.

Accordingly, Creditor Hollie A. Lemkin respectfully submits that the Court should exercise its discretion to not dismiss the pending Adversary Case, and to instead deemed that it shall be related to Chapter 7 case number 8:22-bk-10652-ES.

Dated: 5/31/22

HESTON & HESTON
Attorneys at Law

By: RICHARD G. HESTON
Attorneys for Creditor HOLLIE A. LEMKIN

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO DEEM ADVERSARY PROCEEDING RELATED TO CHAPTER 7 CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/31/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anerio V Altman**    LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- **Thomas H Casey (TR)**    msilva@tomcaseylaw.com, thc@trustesolutions.net
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 5/31/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/31/2022 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE