| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Richard G. Heston**<br>**Heston & Heston, Attorneys at Law**<br>**19700 Fairchild Road**<br>**Suite 280**<br>**Irvine CA 92612-2528**<br>**949-222-1041**<br>**949-222-1043 FAX**<br>**rheston@hestonlaw.com**<br><br>**State Bar Number:** *90738*<br><br>☐ *Movant(s) appearing without an attorney*<br>☑ *Attorney for Movant(s)* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>Susan Jo White<br><br><br><br>Debtor(s). | CASE NO.: **8:22-bk-10652-ES**<br>CHAPTER: **7**<br><br>**DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br><br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |
|---|---|

1. I am the ☐ Movant(s) or ☑ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On *(date)*: **7/29/22** Movant(s) filed a motion or application (Motion) entitled: **Motion for Order Approving Questioning of Debtor by Creditor Hollie Lemkin at Meeting of Creditors Pursuant to 11 U.S.C. § 341(a)**

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On *(date)*: **8/5/22** Movant(s), served a copy of ☑ the notice of motion or ☐ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than **seventeen (17)** days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                                   Page 1            **F 9013-1.2.NO.REQUEST.HEARING.DEC**

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

9. Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date:  8/23/22

Signature
RICHARD G. HESTON
Printed name

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                   Page 2            F 9013-1.2.NO.REQUEST.HEARING.DEC

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard G. Heston<br>SBN: 90738<br>Heston & Heston, Attorneys at Law<br>19700 Fairchild Road<br>Suite 280<br>Irvine CA 92612-2528<br><br>(949) 222-1041<br>(949) 222-1043<br>rheston@hestonlaw.com<br><br>☐ *Individual appearing without attorney*<br>☑ Attorney for: Hollie A. Lemkin | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>**Susan Jo White**<br>                                         Debtor. | CASE NO.: **8:22-bk-10652-ES**<br>CHAPTER: **7** |
|---|---|
| | **NOTICE OF MOTION FOR: MOTION FOR ORDER APPROVING QUESTIONING OF DEBTOR BY CREDITOR HOLLIE LEMKIN AT MEETING OF CREDITORS PURSUANT TO 11 U.S.C. § 341(A)** |
| | DATE: **TO BE DETERMINED BY COURT ON REASSIGNMENT**<br>TIME:<br>COURTROOM:<br>PLACE: |

1. TO (specify name):   **THE HON. ERITHE SMITH AND ALL OTHER INTERESTED PARTIES**
2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.
3. **Your rights may be affected.**   You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)
4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.
5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  7/29/22

HESTON & HESTON
Printed name of law firm

*/s/ Richard G. Heston*
Signature
RICHARD G. HESTON
Printed name of attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                    Page 1                                            F 9013-1.1.HEARING.NOTICE

3. On LEMKIN's motion for order dismissing or transferring the case, the prior case was transferred to the Central District of California.

4. On November 29, 2021, in conjunction with the prior Chapter 7 case before the Court[1], LEMKIN filed a complaint in the pending Adversary Case 8:21-ap-01104-ES in which she is objecting to discharge and seeking a determination of dischargeability.

5. On November 29, 2021, LEMKIN filed a motion for order dismissing Case #1 pursuant to Section 707(b)(2)&(3) under the dual bases that Debtor was obligated but had failed to submit a means test to establish her eligibility for relief in Chapter 7, and on the additional basis that proceeding under Chapter 7 constituted an abuse of Chapter 7.

6. That motion was heard by the Court on February 18, 2022 and granted on the basis of both Section 707(b)(2)&(3). A conditional order of dismissal was made by the Court, allowing Debtor until February 25 to convert to Chapter 11. When Debtor failed to do so, the case was dismissed on February 28, 2022.

7. On May 31, 2022, LEMKIN filed a motion for an order deeming the pending Adversary Case filed on November 29, 2021 to be related to the current Chapter 7 case filed on April 18, 2022. On July 26, 2022, the Court denied such motion.

8. LEMKIN has now filed a motion to dismiss the Adversary case. As the case seeks a denial of discharge pursuant to Section 727, the matter must be heard on motion after notice to all creditors, as well as the Chapter 7 trustee and the United States trustee. Because the Hon. Erithe Smith is scheduled to retire and not sitting matters for hearing until all of her pending inventory of cases have been reassigned, no hearing date is available, and LEMKIN has filed a motion to be heard on the date to be determined by the court.

---

[1] The transferred case was initially assigned to the Hon. Mark Wallace (Ret.) and reassigned to the Hon. Erithe Smith on Judge Wallace's retirement.

2

any indenture trustee, any trustee or examiner in the case, or the United States trustee may examine the debtor. The United States trustee may administer the oath required under this section." See 11 U.S.C. § 343

Where a debtor has appeared at the examination required pursuant to Section 341(a) but refused to answer a question on the basis that he or she is not required to do so or invokes a privilege against giving testimony, the court may order the debtor to answer the questions. The continuing failure or refusal of a debtor to answer questions approved by the court may serve as a basis for the denial of the debtor's discharge pursuant to Section 727(a)(6)(C).

"As explained further in 6 COLLIER ON BANKRUPTCY, ¶ 727.09[3]:

> Section 727(a)(6)(C) denies a discharge to a debtor who refuses to respond to a material question approved by the court or refuses to testify on any ground other than the properly invoked privilege against self-incrimination. This section applies when the debtor refuses to answer a "material question approved by the court." "Court" means a judge, and not simply a trustee, United States trustee or other official. The debtor's refusal to answer a question that has not been approved by the court is not a basis for denial of a discharge. Thus, a refusal to answer questions in a creditors' meeting or a deposition is not grounds for denial of a discharge if, when the court subsequently approved the question, the debtor answers it. If court approval is never sought, the debtor is not required to answer the question."

In re Merena, 413 B.R. 792, 819 (Bankr. D. Mont. 2009)

Before a discharge may be denied for failure to respond to a question, the question must be reviewed and approved by the court. Once the court has approved the question, the debtor may reconsider his or her refusal and answer it. See In re Mart, 90 B.R. 547, 548-549 (Bankr. S.D. Fla. 1988).

## CONCLUSION

As set forth in the supporting declaration of Richard G. Heston, the examination of Debtor on both of the occasions never proceeded to any questions in particular, as Debtor invoked an absolute privilege against been examined by LEMKIN or her counsel, on the advice of counsel, based upon the pendency of the adversary proceeding, which is now subject to a

4

motion for dismissal. Since Debtor refused to answer all questions, her refusal is tantamount to a refusal to answer any questions, irrespective of the substance of the query.

Accordingly, Creditor Hollie A. Lemkin respectfully submits that the Court should order Debtor to answer any and all questions directed at her by LEMKIN or her counsel, subject to Debtor's right to invoke applicable evidentiary privileges, including a properly-invoked privilege against self-incrimination.

Dated: 7/29/22

HESTON & HESTON
Attorneys at Law

By: RICHARD G. HESTON
Attorneys for Creditor HOLLIE A. LEMKIN

5

# DECLARATION OF RICHARD G. HESTON

I, RICHARD G. HESTON, declare as follows:

1. I am the attorney of record for HOLLIE A. LEMKIN, a creditor in the Chapter 7 bankruptcy proceeding of SUSAN JO WHITE. I have personal knowledge of all matters stated herein and if called to testify, I could competently testify thereto.

2. On April 18, 2022, Debtor filed the current Chapter 7 case 8:22-bk-10652-ES.

3. Previously, Debtor commenced a prior Chapter 7 case on April 8, 2021 in the Southern District of California, case number 21-01414-LT7.

4. On LEMKIN's motion for order dismissing or transferring the case, the prior case was transferred to the Central District of California.

5. On November 29, 2021, in conjunction with the prior Chapter 7 case before the Court, LEMKIN filed a complaint in the pending Adversary Case 8:21-ap-01104-ES in which she is objecting to discharge and seeking a determination of dischargeability.

6. On November 29, 2021, LEMKIN filed a motion for order dismissing Case #1 pursuant to Section 707(b)(2)&(3) under the dual bases that Debtor was obligated but had failed to submit a means test to establish her eligibility for relief in Chapter 7, and on the additional basis that proceeding under Chapter 7 constituted an abuse of Chapter 7.

7. That motion was heard by the Court on February 18, 2022 and granted on the basis of both Section 707(b)(2)&(3). A conditional order of dismissal was made by the Court, allowing Debtor until February 25 to convert to Chapter 11. When Debtor failed to do so, the case was dismissed on February 28, 2022.

8. On May 31, 2022, LEMKIN filed a motion for an order deeming the pending Adversary Case filed on November 29, 2021 to be related to the current Chapter 7 case filed on April 18, 2022. On July 26, 2022, the Court denied such motion.

6

9. LEMKIN has now filed a motion to dismiss the Adversary case. As the case seeks a denial of discharge pursuant to Section 727, the matter must be heard on motion after notice to all creditors, as well as the Chapter 7 trustee and the United States trustee. Because the Hon. Erithe Smith is scheduled to retire and not sitting matters for hearing until all of her pending inventory of cases have been reassigned, no hearing date is available, and LEMKIN has filed a motion to be heard on the date to be determined by the court.

10. On May 31, 2022, at the regularly scheduled examination of Debtor pursuant to Section 341(a), the Debtor appeared with counsel. I attended the examination, which was conducted remotely via telephonic link.

11. After being sworn and examined by the Chapter 7 trustee, Thomas H. Casey, I commenced inquiry of Debtor. Without answering any substantive questions, and on the instruction of her counsel, Debtor stated for the record that she would answer no questions whatsoever asked by me on the instructions of Debtor's counsel, Anerio Altman.

12. When asked to further explain, Mr. Altman indicated that due to the pendency of the adversary proceeding, he was instructing Debtor to not answer, but did not identify any evidentiary privilege or invoke the Fifth Amendment. The meeting of creditors was continued to July 5, 2022, for the purpose of allowing examination of Debtor by LEMKIN and her counsel.

13. On July 5, 2022, the telephonic examination of Debtor pursuant to Section 341(a) was resumed. On that date, as before, Debtor refused to answer all questions I asked of her, again stating that she was refusing to do so on the advice of Mr. Altman due to the pendency of the adversary proceeding.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Irvine, California on the date indicated below.

Dated: 7/27/22

RICHARD G. HESTON

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION FOR: MOTION FOR ORDER APPROVING QUESTIONNING OF DEBTOR BY CREDITOR HOLLIE LEMKIN AT MEETING OF CREDITORS PURSUSANT TO 11 U.S.C. §C341(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/29/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anerio V Altman**   LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- **Jeffrey I Golden (TR)**   lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **Bill J Parks**   attparks@aol.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 7/29/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**
Hon. Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building & Courthouse
411 West Fourth Street, Suite 5040 / Crtrm. 5A
Santa Ana, CA 92701-4593

Susan Jo White
25422 Trabucco Road
Suite 105-441
Lake Forest, CA 92630

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/29/2022 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **Declaration That No Party Requested a Hearing on Motion** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/23/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anerio V Altman**   LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- **Thomas H Casey (TR)**   msilva@tomcaseylaw.com, thc@trustesolutions.net
- **Bill J Parks**   attparks@aol.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 8/23/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building & Courthouse
411 West Fourth Street, Suite 5040 Crtrm. 5A
Santa Ana, CA 92701-4593

Debtor
Susan Jo. White
10 Snowberry
Lake Forest, CA 92630-8383

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/23/2022 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**